UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JAMES A. JONES, JR., | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 3:10-cv-247 |
| | ) | | (PHILLIPS) |
| | ) | | |
| TONY HALL, JOEY MATTINA, | ) | | |
| and JANE DOE, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion to dismiss the complaint as time-barred filed by defendants Hall and Mattina and plaintiff's response thereto, plaintiff's motion to amend the complaint to name the Jane Doe defendant and add additional defendants and defendants' response thereto, and other non-dispositive motions. For the following reasons, the motion to dismiss [Court File No. 12] will be **GRANTED**, the plaintiff's motion to amend [Court File No. 20] will be **DENIED** as **MOOT**, the Jane Doe defendant will be **DISMISSED**, and this action will be **DISMISSED WITH PREJUDICE**. All other pending motions will be **DENIED** as **MOOT**.

I.   Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.   Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction. The defendants are Knoxville, Tennessee, police officers, who plaintiff claims subjected him to an unlawful stop, search, and arrest on February 6, 2008. According to plaintiff, the criminal charges against him as a result of the illegal search and seizure were dismissed by the U.S. District Court for the Eastern District of Tennessee on May 29, 2009. *See United States v. James A. Jones, Jr.*, Criminal Action No. 3:08-cr-153 (E.D. Tenn. May 29, 2009) (order granting government's motion to dismiss the indictment). The court notes that the motion to dismiss was filed after the U.S. Magistrate Judge recommended that the motion to suppress be

granted because the officers lacked probable cause or reasonable suspicion to detain the defendant. *Id.*, Court File No. 24, Report and Recommendation filed May 18, 2009.

Plaintiff alleges that the illegal stop, arrest, and search violated his rights under the Fourth, Eighth, and Fourteenth Amendments. Plaintiff filed his complaint on May 28, 2010.[1] The defendants move to dismiss the complaint as time-barred.

III. Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Averments of time are material for the purpose of testing the sufficiency of a pleading. Fed. R. Civ. P. 9(f). Accordingly, a complaint can be dismissed as time-barred pursuant to

---

[1] The complaint was received by the Clerk's Office on June 1, 2010. However, the envelope bears a prison mail room stamp of May 28, 2010. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

Fed. R. Civ. P. 12(b)(6). *Ott v. Midland-Ross Corporation*, 523 F.2d 1367, 1369 (6th Cir. 1975).

Federal courts must refer to state statutes and state law to determine the statute of limitation and tolling rules with respect to an action brought pursuant to 42 U.S.C. § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478 (1980). The applicable statute of limitation controlling a civil rights action for damages in the State of Tennessee is Tenn. Code Ann. § 28-3-104, which provides a one (1) year period in which a civil rights lawsuit may be commenced after the cause of action accrued; the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Plaintiff filed his complaint more than one year after his arrest. In response to the motion to dismiss, plaintiff argues that the one-year statute of limitation did not commence to run until the federal court dismissed the pending charges against him. This argument lacks merit. Plaintiff's cause of action accrued at the time of his arrest, and not when charges were later dismissed. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("We hold that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."). Accordingly, the defendants' motion to dismiss is well-taken and will be **GRANTED**.

In a motion to amend, plaintiff seeks to add additional police officers as defendants. Because the claims against the additional officers would be barred by the statute of limitation, the motion to amend will be **DENIED** as **MOOT**. The claims against the Jane Doe defendant are likewise barred by the statute of limitation and thus this action will be **DISMISSED** as to defendant Jane Doe. There being nothing further to be done in the case, this action will be **DISMISSED WITH PREJUDICE**.

IV. <u>Conclusion</u>

Defendants' motion to dismiss will be **GRANTED**, the Jane Doe defendant will be **DISMISSED**, all other pending motions will be **DENIED** as **MOOT**, and this action will be **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas W. Phillips
    United States District Judge